# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ryan Kenneth Randall, | Case No. 2:22-cv-01190-RFB-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bally's Casino CEO and Casino Security, et al., | |
| Defendants. | |

On August 17, 2022, this Court screened Plaintiff's Second Amended Complaint and dismissed it without prejudice. ECF No. 7. The Court gave Plaintiff a new deadline of September 19, 2022, to file a Third Amended Complaint (TAC) and rectify the problems in his previous complaint. *Id*. Now before the Court is Plaintiff's TAC. ECF No. 8.

**I.   Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* However, unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Analysis**

In its last order, this Court explained that it could not understand Plaintiff's claims. ECF No. 7. The Court noted that Plaintiff cited to several criminal statutes and jury instructions and described fantastic and delusional scenarios. The Court explained that any future amended complaint must contain a short and plain statement describing the underlying case, the defendants' involvement in the case, and the approximate dates of their involvement. *Id*.

Plaintiff's TAC reads very much like his previous complaint. For example, the TAC starts out as follows: "living, and to express emotion through song." The TAC goes on seeking to charge several individuals, including Governor Sisolak and Mark Zuckerberg, with criminal offenses. But "'[o]nly a prosecutor can file criminal charges against a citizen ... [,]'" (*Jones v. Harris*, 665 F. Supp. 2d 384, 404 (S.D.N.Y. 2009)), and "'[t]he presence of a criminal statute neither creates nor implies a corresponding private right of action.'" *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (citing *United States v. Wadena*, 152 F.3d 831, 845-46 (8th Cir. 1998)).

The remainder of the TAC recites opinions about prostitution laws, street performers, and the lack of public restrooms on Las Vegas Boulevard. But for the same reasons stated before, Plaintiff fails to state a claim upon which relief can be granted.

### III. Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Third Amended Complaint be DISMISSED for failure to state a claim and this case closed.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 11, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE